

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 15, 1993

Mr. Kenneth H. Ashworth
Commissioner
Texas Higher Education
 Coordinating Board
P.O. Box 12788
Austin, Texas 78711

Opinion No. DM-227

Re: Whether a member of a governmental body subject to the Open Meetings Act, V.T.C.S. article 6252-17, may review the tape of a closed meeting in which the member participated (RQ-202)

Dear Commissioner Ashworth:

You ask our opinion as to whether a member of a governmental body subject to the Open Meetings Act (the "act"), V.T.C.S. article 6252-17, may review the tape recording of a closed meeting in which the individual participated. You state that the individual in this case is a community college trustee. We conclude that the act does not prohibit such an individual from reviewing the tape recording.

Under the act, every governmental body subject to the act must open all of its regular, special, or called meetings to the public, except as permitted in the constitution or in the act itself. V.T.C.S. art. 6252-17, § 2(a). Section 2 of the act permits a governmental body subject to the act to exclude the public from portions of a meeting at which the members of the body discuss certain subjects. *See, e.g., id.* § 2(f), (g), (h), (j), (m). With one exception not relevant here, section 2A of the act requires a governmental body, when it meets in a closed meeting, to keep a certified agenda or tape recording of the proceedings.[1] *Id.* § 2A(a), (d).

Section 2A(c) expressly permits a governmental body to release to the public a certified agenda only upon court order in an action brought under the act. Previously, the attorney general has concluded that section 2A of the act uses "certified agenda" and "tape recording" interchangeably. *See* Attorney General Opinion JM-1071 (1989) at 2; Open Records Decision No. 495 (1988) at 3 n.1. Thus, although section 2A(c) of the act discusses the release of a certified agenda, the same provision applies to the release of a tape recording of a closed meeting. Section 2A(h) prohibits any person from knowingly releasing to the public a certified agenda or tape recording except in compliance with a court order.

---

[1]Section 2A(a) excepts from the requirement of keeping a certified agenda closed meetings at which a governmental body consults with its attorney pursuant to section 2(e) of the act.

Section 2A(c) and (h) of the Open Meetings Act refers to release of a certified agenda or tape recording of a closed meeting only in terms of release *to the public*. *See* Attorney General Opinion JM-995 (1988) at 6.   In our opinion, a member of a governmental body who participated in a closed meeting may review the certified agenda or tape recording of a closed meeting without such review constituting a release to the public.   Furthermore, such review of the certified agenda or tape recording of a closed meeting would not, by itself, compromise the confidentiality of a properly convened closed meeting.   Thus, we do not believe that the act precludes a member of a governmental body from reviewing the certified agenda or tape recording of a closed meeting in which the member had participated.

We note, however, that, in the context of the act, the purpose of a certified agenda or tape recording of a closed meeting is to provide evidence in the event of litigation in which a person alleges that the governmental body violated the act.   *See* V.T.C.S. art. 6252-17, § 2A(e), (h).   The governmental body is obligated to preserve the certified agenda or tape recording for at least two years after the date of the closed meeting.   *See id.* § 2A(f); *see also* Penal Code § 37.10 (prescribing penalties for tampering with government record).   Given the purpose of the certified agenda or tape recording, and given the governmental body's statutory duty to preserve the certified agenda or tape recording as evidence in the event of litigation, we believe that each governmental body is authorized to decide for itself whether to permit a member who has participated in a closed meeting to review the certified agenda or tape recording of that meeting as well as the procedure for allowing such a review.   Should a governmental body choose to adopt such a procedure, it should do so in an open meeting.[2]   *See* V.T.C.S. art. 6252-17, § 2 (listing circumstances in which governmental body may conduct closed meeting).

In addition, the Open Records Act, V.T.C.S. article 6252-17a, does not prohibit a member of a governmental body from reviewing a certified agenda or tape recording of a closed meeting in which the member participated.   Although section 3(a)(1) of the Open Records Act normally requires that a governmental body withhold from required public disclosure a certified agenda or tape recording of a closed meeting (*see* Open Records Decision No. 495 (1988) at 3), the Open Records Act has no provision that would preclude members of a governmental body from internally reviewing nonpublic information.   *See* Open Records Decision No. 468 (1987) at 3-4.

---

[2]A governmental body must act as a body at a properly called meeting of which all members have notice.   *Webster v. Texas & Pac. Motor Transp. Co.*, 166 S.W.2d 75, 76-77 (Tex. 1942).

## S U M M A R Y

Neither the Open Meetings Act, V.T.C.S. article 6252-17, nor the Open Records Act, V.T.C.S. article 6252-17a, precludes a governmental body from releasing to a member of the governmental body the certified agenda or tape recording of a closed meeting in which the member participated. A governmental body may implement a procedure for providing access to the certified agenda by a member of the governmental body, and should do so in an open meeting.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General